NOT DESIGNATED FOR PUBLICATION

No. 121,154

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

RUSSELL WAYNE MCFARLAND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Pawnee District Court; BRUCE T. GATTERMAN, judge. Opinion filed October 9, 2020. Affirmed.

*Rick Kittel*, of Kansas Appellate Defender Office, for appellant.

*Michael J. Duenes*, assistant solicitor general, and *Derek Schmidt*, attorney general, for appellee.

Before ARNOLD-BURGER, C.J., HILL and ATCHESON, JJ.

PER CURIAM: While Defendant Russell Wayne McFarland was confined in the sexually violent predator program at the Larned State Hospital, he entered an area reserved for staff and then physically confronted and repeatedly attempted to kiss a female employee. Another inmate quickly interceded to end the assault. A jury sitting in Pawnee County District Court convicted McFarland of one count of aggravated sexual battery. On appeal, McFarland complains the district court improperly admitted a letter he wrote to another inmate about 10 days after the incident that essentially contains a confession. We find no error and, therefore, affirm McFarland's conviction and the

1

resulting sentence. Even if we are wrong, the admission of the letter during the trial was harmless error given the other compelling evidence of McFarland's guilt.

FACTUAL AND PROCEDURAL HISTORY

In early May 2018, McFarland followed a 19-year-old woman who worked in the hospital unit housing the sexually violent predators into a hallway off limits to inmates, pushed her against a wall, and tried to kiss her. The woman blocked those attempts with her arms. Within a minute or two, another inmate passed by the hallway, saw what was happening, and physically restrained McFarland.

The State charged McFarland with one count of aggravated sexual battery, a severity level 5 person felony violation of K.S.A. 2017 Supp. 21-5505(b)(1). The State had to prove McFarland touched the woman without her consent "to arouse or satisfy [his] sexual desires" and relied on "force or fear" to overcome her resistance. K.S.A. 2017 Supp. 21-5505(b)(1). A jury heard the case in January 2019 and convicted McFarland. The district court later sentenced McFarland to serve 200 months in prison, reflecting a downward durational departure from the presumptive guidelines range of 228 to 256 months.

The State's evidence presented during the trial included:

• A security videotape showed S.C., the female employee, walking down a corridor and turning onto the staff-only corridor. McFarland then follows S.C. into the restricted area. The video shows the inmate who stopped the attack entering that area shortly afterward. The restricted corridor was not monitored with a video camera.

• S.C. testified and described McFarland's assault. Suffice it to say that S.C. recounted an attack that met the legal definition of aggravated sexual battery.

2

• Another inmate in the sexually violent predator (SVP) program testified that before the May 2018 incident, he had a conversation with McFarland in which McFarland outlined sexual desires for S.C. consistent with the attack.

• After the incident, a hospital security officer questioned McFarland about what happened. The security officer testified that McFarland admitted going into the restricted area and trying to kiss S.C.

• Directly pertinent to McFarland's point on appeal, another inmate in the SVP program testified that he received a handwritten letter sent to him through the U.S. mail about 10 days after the incident. At trial, the inmate identified the handwriting as McFarland's. He told the jury he turned the letter and the accompanying envelope over to a hospital employee. The return address on the envelope identifies McFarland as the sender, and the letter is signed "Rusty." The letter discusses several topics, including the incident with S.C. The description of the incident essentially includes an admission to each element of the aggravated sexual battery charge. The district court admitted the letter and envelope as an exhibit over McFarland's objection based on a lack of foundation and an insufficient chain of custody.

The SVP inmate who intervened and stopped McFarland's assault of S.C. was not called as a witness during the trial. McFarland did not testify in his own defense and offered no other evidence.

LEGAL ANALYSIS

For his only issue on appeal, McFarland contends the district court erred in admitting the letter he wrote to his fellow SVP inmate that included a description of his

3

sexual assault of S.C. He says the error deprived him of a fair trial. As we have already indicated, we find the argument unavailing in each respect.

As a general matter, a district court's decision to admit otherwise relevant physical evidence, such as a document, over an objection based on foundation entails an exercise of judicial discretion. See *State v. Boleyn*, 297 Kan. 610, Syl. ¶ 1, 303 P.3d 680 (2013); *Wendt v. University of Kansas Med. Center*, 274 Kan. 966, 975, 59 P.3d 325 (2002). And those calls will be reviewed on appeal for abuse of that broad authority. A district court exceeds that discretion if it rules in a way no reasonable judicial officer would under the circumstances, if it ignores controlling facts or relies on unproven factual representations, or if it acts outside the legal framework appropriate to the issue. See *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 935, 296 P.3d 1106 (2013); *State v. Ward*, 292 Kan. 541, Syl. ¶ 3, 256 P.3d 801 (2011).

A writing such as McFarland's letter must be authenticated before it can be admitted as evidence. K.S.A. 60-464. Authentication requires proof that the writing is what it purports to be. The threshold showing for admissibility is minimal and may be satisfied with circumstantial or direct evidence. Anything beyond that threshold goes to the weight a fact-finder may accord the writing rather than its admissibility as an exhibit. See *State v. Robinson*, 303 Kan. 11, 225-26, 363 P.3d 875 (2015).

In a rough sense, there are two components to the authentication of the letter. First is authorship. That is, the State must offer some evidence indicating McFarland wrote the letter. And second, the State has to show that when the letter was introduced at trial, it remained in substantially the same condition as when it was received. Authorship of the letter was not disputed at trial or on appeal. There was, in any event, sufficient evidence on that score. The recipient testified he was familiar with McFarland's handwriting and the letter looked to be his penmanship. See *In re Estate of Field*, 55 Kan. App. 2d 315, 322, 414 P.3d 1217 (2018). The return address indicated the letter came from McFarland.

4

On the second component, the prosecutor may not have done a stellar job of establishing the letter remained in substantially the same condition, but the effort was enough to clear the minimal hurdle for admissibility. The SVP inmate to whom McFarland wrote identified the letter as what he received and further testified it was "consistent" with other letters he had received. The inmate said he turned the letter over to an employee of the hospital. That employee testified during the trial and told the jurors she obtained the letter from the inmate. She explained that she placed the letter in an evidence bag and then sealed and initialed the bag. The employee testified that the letter appeared to be in the same condition as when she received it. All of that provides a sufficient foundation to admit the letter as a trial exhibit. The district court did not abuse its discretion in doing so.

McFarland's objection was couched in terms of foundation and chain of custody. But the State had no obligation to establish an unbroken "chain" of custody in the sense of producing as witnesses every government employee or agent who had initialed the evidence bag or had handled the letter. The testimony from the inmate to whom McFarland mailed the letter and from the hospital employee who then took custody of it adequately established the letter had not been altered in some material way. That's sufficient to furnish the evidentiary foundation to admit the letter as an exhibit. The jurors, as the finders of fact, had the prerogative to give that testimony and the letter itself whatever weight they felt the evidence deserved in assessing McFarland's guilt or innocence.

Assuming for the sake of argument the district court erred in admitting the letter as an exhibit, the error would not require reversal of McFarland's conviction if it were otherwise harmless. We assess harmlessness under the standards set out in *Ward*, 292 Kan. 541, Syl. ¶ 6, for constitutional and nonconstitutional errors. The wrongful admission or exclusion of evidence typically creates a nonconstitutional error. See *State*

*v. Broxton*, 311 Kan. 357, 366, 461 P.3d 54 (2020) (erroneous exclusion of evidence); *State v. Torres*, 294 Kan. 135, 143-44, 273 P.3d 729 (2012) (erroneous admission of evidence). That's true here. Accordingly, the State, as the party benefiting from the error, has to show there was no reasonable probability the wrongfully admitted evidence affected the outcome of the trial in light of the record as a whole. *Broxton*, 311 Kan. at 366; *Ward*, 292 Kan. 541, Syl. ¶ 6.

Measured on that scale, the content of the letter did not so shift the weight of evidence that we are persuaded there was a reasonable possibility, let alone a probability, of a not guilty verdict had it been excluded. McFarland's statements in the letter were duplicative of what he told his fellow inmate before he assaulted S.C. and what he told the investigator afterward. Perhaps even more significantly, S.C.'s testimony describing the attack established each element of the aggravated sexual battery charge. And the jurors had no demonstrable reason to disregard S.C.'s account—an account that squared with McFarland's other representations about what he intended to do and then did. Any error would have been harmless.

Affirmed.